## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERSON ADVERTISING SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-844** |
| **LAFAYETTE INSURANCE COMPANY** | **SECTION: "S" (3)** |

## ORDER AND REASONS

The motion to remand (Doc. # 11) filed on behalf of the plaintiff Roberson Advertising Service, LLC is GRANTED.

## BACKGROUND

On August 7, 2006, this Katrina insurance dispute began in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana[1] between plaintiff Roberson Advertising Service, LLC ("Roberson"), a Louisiana insured and defendant Lafayette Insurance Company ("Lafayette"), a Louisiana insurer.[2]  On September 28, 2006, Lafayette removed the matter to this court; however,

---

[1]*Roberson Advertising Service, L.L.C. v. Lafayette Ins. Co.,* No. 106-767, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

[2]Roberson sued Lafayette which issued a policy of insurance to plaintiff for plaintiff's building, contents and business interruption.  As a result of Hurricane Katrina, plaintiff alleged that its building had water and plumbing damage, and plaintiff could not conduct business.

on December 1, 2006, the matter was remanded by this court.[3]

On December 21, 2007, Lafayette filed a third-party demand against Hanover Insurance Company ("Hanover"), an insurance company organized under the laws of New Hampshire with its principal place of business in Massachusetts.[4]  On February 6, 2008, third-party defendant Hanover removed the matter, contending that when Lafayette is aligned with the plaintiff's interests, this court has diversity jurisdiction under 28 U.S.C. §1332 because the parties are diverse and more than $75,000 is in dispute.  The plaintiff has moved again to remand.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[5]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that

---

[3]*See Roberson Advertising Service, LLC v. Lafayette Ins. Co.*, No. 06-6732, USDC, E.D. La. (Doc. #10, Order granting motion to remand).  This matter was first removed by Lafayette on the ground that the case could have been brought under 28 U.S.C. §1441(e)(1)(B) and 28 U.S.C. §1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"); Hanover was not part of the case at that time.  However, this court ruled that the matter was not one contemplated by the MMTJA and that the court lacked jurisdiction over the non-diverse case.

[4]In its third-party demand, Lafayette alleges, *inter alia*, that Hanover provided coverage for business interruption; that in the event that Lafayette is found liable for business interruption, Lafayette is entitled to indemnity from Hanover for plaintiff's business interruption claim; that Hanover's policy is primary or that alternatively, Hanover is liable to Lafayette on a *pro-rata* basis for the entire claim.  Plaintiff asserts that it has no claim against Hanover because it settled with Hanover prior to suit.

[5]*Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

removal statutes should be strictly construed.[6]  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[7]

*Diversity Jurisdiction Unsupported*

Hanover bears the burden of proving that this court has subject matter jurisdiction; i.e., that the parties are diverse and that the amount in controversy exceeds $75,000.  Hanover's removal is defective because Hanover provides no support that this court has diversity jurisdiction over the matter.

Hanover argues that the parties are diverse even though Lafayette and the plaintiff are from the same state.  Hanover argues that the parties should be realigned such that Lafayette is aligned with plaintiff's interests, because Lafayette and plaintiff are both pursuing recovery of sums for Katrina damage that are allegedly owed pursuant to a policy issued by Hanover for damages. Correctly, plaintiff asserts that realignment is not warranted as the interests of Lafayette and plaintiff differ because Lafayette is asserting coverage defenses, which the plaintiff is challenging.  "The generally accepted test of proper alignment is whether the parties with the same 'ultimate interests in the outcome of the action are on the same side.'"[8]  Realignment is not appropriate here.[9]

---

[6]*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[7]*Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[8]*Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)(*quoting* Wright, Miller & Cooper, *Federal Practice and Procedure:  Jurisdiction* §3607 at 639, 641 (footnote omitted)).

[9]Even assuming the parties are realigned, Hanover's removal is defective for other reasons as well.  Hanover has not carried its burden of proof that the amount in controversy exceed $ 75,000 because it is not "facially apparent" from plaintiff's Petition for Damages that the amount in controversy exceeds $75,000, and because Hanover has not provided any evidence as to the value of plaintiff's claims.  *Allen v. R&H Oil Co.*, 63 F.1326, 1335 (5th Cir. 1995). Removal cannot be based simply upon conclusional allegations.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.

Hanover has not met its burden of proof through a preponderance that this court has diversity jurisdiction over this dispute.  Accordingly, the motion to remand is GRANTED.

New Orleans, Louisiana, this   9th   day of April, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

1999).

Additionally, Hanover's removal is too late.  28 U.S.C. §1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

(emphasis added.)  The Fifth Circuit has held that a strict application of the one-year limit is not applicable if the plaintiff has engaged in forum manipulation by joining and strategically dismissing nondiverse defendants.  *Tedford v. Warner Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).  This is not a case where the plaintiff has manipulated pleadings to avoid federal jurisdiction, and Hanover provides no argument why equitable considerations apply.  The Court does not find an "equitable exception" to the one-year limit is warranted in this case.

4